UNITED STATES POSTAL
SERVICE, Plaintiff,

v.

NATIONAL RURAL LETTER CARRI-
ERS ASSOCIATION and National As-
sociation of Letter Carriers, Defen-
dants.

Civ. A. No. 90–0523.

United States District Court,
District of Columbia.

July 17, 1990.

Susan Ann Nellor, U.S. Atty.'s Office,
Washington, D.C., for U.S. Postal Service.

David Jonathan Cohen, Barbara Lynn
Camens, William Bury Peer, Frank Frio,
Barr, Peer & Cohen, Washington, D.C., for
Nat'l Rural Letter Carriers Assn.

Sally Momsen Tedrow, O'Donoghue &
O'Donoghue, Washington, D.C., for Nat'l
Ass'n of Letter Carriers, AFL–CIO.

## MEMORANDUM OPINION
## AND ORDER

JOYCE HENS GREEN, District Judge.

The tangle of pending motions in this
case grows out of a "craft jurisdictional"
dispute the United States Postal Service
("USPS") is having with the two defendant
unions over delivery of mail in Oakton and
Vienna, Virginia. Rural letter carriers,
represented by the National Rural Letter
Carriers Association ("NRLCA"), perform
this work. On March 30, 1989, the Nation-
al Association of Letter Carriers
("NALC"), which represents city letter

carriers, initiated a national-level grievance with the USPS claiming that, under their collective bargaining agreement, its members were entitled to deliver mail in these areas. USPS denied the grievance on June 30, 1989, and NALC appealed the matter to arbitration on July 10. The parties agreed in writing to commence arbitration before Arbitrator Richard Mittenthal on November 14, 1989.

Because of a prior decision in a similar arbitration, NALC did not oppose the intervention of NRLCA. NRLCA, however, did not participate and initiated a lawsuit to stop the November 14 hearing. *NRLCA v. NALC & USPS*, C.A. No. 89–3098 (GAG) (D.D.C.). Not wanting to accede to arbitration before someone not of their own choosing, NRLCA requested an order compelling tripartite arbitration before an arbitrator other than Mr. Mittenthal, but its application for a temporary restraining order was denied. The hearing went forward, without NRLCA's participation. Prior to the second scheduled hearing date (December 13), USPS moved for a continuance to enable it to attempt to compel NRLCA to participate in the grievance. NALC agreed to the postponement.

NRLCA voluntarily dismissed its complaint on January 2, 1990. USPS then filed the instant case requesting tripartite arbitration—in other words, the inclusion of NRLCA in the USPS–NALC arbitration. USPS will not agree to schedule a new hearing date for the bipartite arbitration of the NALC dispute until the instant suit is resolved.

The following motions are now ready for decision: a motion by defendant NALC to compel bipartite arbitration with USPS; a motion by plaintiff USPS for summary judgment compelling the two defendant unions to submit to tripartite arbitration; and two motions by defendant NRLCA: to realign itself as a plaintiff in this case, and to continue the proceedings until it has an opportunity to conduct certain discovery.

For the reasons set forth below, NALC's motion is denied, NRLCA's motions are denied, and USPS's motion is granted. The parties are ordered to submit to tripartite arbitration before two arbitrators.

I

Each union is the exclusive bargaining representative of its letter carrier craft employees. Each has negotiated a collective bargaining agreement with USPS; neither is a party to the other's agreement. NALC's agreement with USPS, negotiated in 1987, provides for a multi-step grievance procedure, culminating in arbitration. All grievances involving interpretation of the agreement must be resolved through binding arbitration at the national level. The arbitrator is selected from an established national panel of arbitrators. Agreement between United States Postal Service and American Postal Workers Union, AFL–CIO, National Association of Letter Carriers, AFL–CIO, 1987–1990 ("NALC Agreement"), Art. 15. Arbitrator Mittenthal is one of these arbitrators. NRLCA's agreement with USPS is substantially identical, also providing for a multistep grievance procedure culminating in binding arbitration before an arbitrator chosen from an established panel. Agreement between United States Postal Service and National Rural Letter Carriers Association, 1988–1990 ("NRLCA Agreement"), Art. 15. It is in these agreements that each party stakes its claim.

The current positions of the parties are as follows: NALC wishes to compel bipartite arbitration between it and the USPS before Arbitrator Mittenthal, but would not object to intervention by NRLCA. NRLCA, on the other hand, apparently seeks to compel trilateral arbitration (or so it indicates by moving to be realigned as a plaintiff), but only if it has a voice in the selection of arbitrator(s). Yet NRLCA refuses to participate in arbitration if it takes place only before Arbitrator Mittenthal. Finally, USPS requests an order compelling tripartite arbitration, either before Mittenthal (its preference) or before Mittenthal and Zumas, the latter selected from the NRLCA panel.

Clearly, all parties believe that this situation should be and is appropriately resolved by arbitration. At issue is whether the Court has the authority to compel tripartite arbitration, and if so, in front of which arbitrator(s).

A. Compelling Tripartite Arbitration

 This Court's authority to order tripartite arbitration is clear, especially in light of recent circuit court decisions. Generally, a party cannot be compelled to submit to arbitration unless the party's collective bargaining agreement provides for arbitration. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578–79, 80 S.Ct. 1347, 1350–51, 4 L.Ed.2d 1409 (1960). The two agreements governing here both have such provisions. That these arbitration clauses do not specifically provide for tripartite arbitration does not present an insurmountable obstacle.

The trend in the case law throughout the federal judiciary has been to order tripartite arbitration (and uphold such orders) in circumstances such as those presented here. This trend originated in 1969, when the Second Circuit held that where two unions each have arbitration clauses in their agreements, a district court has the authority and power to compel them to submit to tripartite arbitration, even though this type of arbitration was not specifically provided for in their contracts. *Columbia Broadcasting System, Inc. v. American Recording & Broadcasting Association*, 414 F.2d 1326 (2d Cir.1969). Many courts have followed the Second Circuit's lead. *See, e.g., National Post Office Mail Handlers, etc. v. American Postal Workers Union*, No. 88–1697 (D.D.C. filed June 13, 1989), *aff'd*, 907 F.2d 190 (D.C.Cir. 1990), and cases cited therein.

 For a court to have authority to compel tripartite arbitration requires that there be a contractual nexus "as to both (a) the parties and (b) the subject matter." *United States Postal Service v. American Postal Workers Union*, 893 F.2d 1117, 1120 (9th Cir.1990), *petition for cert. pending*, No. 89–1953 ("*USPS*"); *see also Laborers' International Union v. W.W. Bennett Construction Co.*, 686 F.2d 1267, 1276 (7th Cir.1982). The Court must also consider the suitability of tripartite arbitration, weighing factors such as the nature of the relevant arbitration provisions, the invocation of these provisions by the parties, and

any procedural concerns. *USPS*, 893 F.2d at 1120.

Notwithstanding this authority, defendant NALC submits that the Court must compel bipartite arbitration between it and USPS. NALC contends that because they have an agreement to arbitrate the present dispute, and because their collective bargaining agreement does not envision delays for the purpose of attempting to include other parties, the Court must order USPS to continue, with NALC alone, the arbitration initiated in November 1989. NALC argues that "this court is precluded from considering extraneous issues related to the NRLCA's intervention and must merely enforce the NALC's right to proceed with arbitration." Memorandum in Support of Motion for Preliminary Injunction to Compel Arbitration, at 12. Recognizing that the crux of this controversy is NRLCA's refusal to accede to the use of Arbitrator Mittenthal, defendant NALC asserts that he cannot be divested of his jurisdiction over the Oakton/Vienna dispute. They further assert that the possibility of conflicting arbitration awards that might result from separate arbitrations between USPS–NALC and USPS–NRLCA does not affect NALC's right to proceed with this arbitration.

In support of its position, NALC refers the Court to a recent decision handed down by the Sixth Circuit. In that case, an employer attempted to compel one union to participate in the arbitration of its jurisdictional dispute with another union. The Court of Appeals affirmed the District Court's refusal to order tripartite arbitration. *United Industrial Workers, etc. v. The Kroger Co.*, 900 F.2d 944 (6th Cir. 1990).

*Kroger* is ultimately inapposite. The Sixth Circuit, applying the same analysis as the Ninth Circuit in *USPS*, found that the "necessary 'contractual nexus' is lacking" between the parties. 900 F.2d at 947. In particular, the Court noted that the noncooperating union consented to arbitration but only as to issues on which a grievance had been filed. That procedure had not been followed, and therefore arbitration was not authorized as to that union. Furthermore, the Court held that the employ-

er's "mere request" to the recalcitrant union "to engage in tripartite arbitration, absent more, does not constitute such a grievance.... It does not claim a breach of the collective bargaining agreement." *Id.* Thus the employer could not compel bipartite, much less, tripartite arbitration. *Id.*

In this case, however, the parties do meet the primary requirement that they "first must have a duty to engage in separate bipartite arbitration over the subject matter involved." *Id.* All parties involved are contractually obligated to arbitrate. Through filing a lawsuit, by moving to align itself as a plaintiff in this action, and by arguing in the instant pleadings for tripartite arbitration on its own terms, NRLCA has demonstrated its desire for arbitration. NALC obviously wants bipartite arbitration and would not object to tripartite arbitration before its own arbitrator. Therefore, "the requisite contractual nexus is present: all of the parties have agreed to the arbitration of the merits of the current dispute." *USPS,* 893 F.2d at 1120.

Tripartite arbitration is desired by the parties, and it is appropriate in light of the governing agreements. Common sense also dictates this result in craft assignment disputes where the two unions both claim the work at issue. This Court concludes, much as the Ninth Circuit recently did, that "[c]ompelling all three parties in this case to submit their grievance to the same arbitration is practicable, economical, convenient, and fair. It not only avoids duplication of effort, but also avoids the possibility of conflicting awards." *USPS,* 893 F.2d at 1121. Accordingly, this Court will order the parties to this case to submit to tripartite arbitration.

**B. Choosing the Arbitrator**

■ There remains the question, however, as to who the arbitrator should be. Defendants NALC and NRLCA both argue that there is no authority for the Court either (a) to compel the use of an arbitrator other than the one chosen by the parties, or (b) to choose an arbitrator on its own. The case law is indeed sparse in this area.

Defendant NALC contends that there is no basis for imposing an arbitrator upon the parties. It points out that in those cases where tripartite arbitration has been ordered the parties did not dispute the choice of arbitrator. And indeed it is true that this issue has not squarely confronted the courts that have compelled such procedures. Plaintiff acknowledges this lack, but argues that because many of the decisions compelling tripartite arbitration gave no indication that the identity of the arbitrator had been agreed upon, it does not present any obstacle. Indeed, plaintiff urges the Court to name a specific arbitrator or arbitrators. Defendant NALC, on the other hand, argues that the nonexistence of supporting case law hinders the Court from doing so.

One court, in dicta, suggested that compelling tripartite arbitration may be stymied if the collective bargaining agreements provide for disparate methods of selecting an arbitrator. *Laborers' International Union,* 686 F.2d at 1275 n. 3. In this case, the relevant agreements indicate that this may not be a concern, for they both provide for similar methods: they each have previously selected panels from which arbitrators are chosen. *See* NRLCA Agreement, Art. 15 § 5C; NALC Agreement, Art. 15 § 4.

Moreover, in this case the parties *have* chosen arbitrators, albeit two different ones. NALC chose Arbitrator Richard Mittenthal pursuant to the USPS–NALC agreement, and claims that the only acceptable course is for him alone to preside. Although vehemently opposed to arbitration if solely before Arbitrator Mittenthal, NRLCA has proposed another arbitrator, Mr. Nicholas Zumas—who would be the choice pursuant to the USPS–NRLCA agreement had NRLCA filed a grievance—to serve as co-arbitrator with Mr. Mittenthal. Plaintiff USPS would be amenable to either option.

Having considered the arguments proffered by the parties, this Court concludes that tripartite arbitration must go forward before both arbitrators, serving jointly. By this means, all parties' concerns are addressed. NALC does not lose its choice of arbitrator. NRLCA gains a voice in the

selection of arbitrator. Because both unions will have had a say in the selection, an important interest promoted by arbitration is preserved: the voluntary consent of the parties. USPS has already indicated its willingness to proceed in this manner. Furthermore, given that tripartite arbitration is in essence a consolidation of USPS's two, existing arbitral obligations, *see USPS*, 893 F.2d at 1120, using one arbitrator of each union's choosing is the sensible solution. Finally, the parties will have the craft-jurisdiction dispute solved in a manner that is final and binding on all interested parties.

Furthermore, there has been no showing that such an approach would prejudice any of the parties. NALC claims that the arbitration can be conducted only in accordance with the terms of its collective bargaining agreement, but this argument must fail. Tripartite arbitration can be compelled, and, strictly speaking, such arbitration is not within the terms of the agreement, and thus not adhering to the letter of the agreement in determining the arbitrator does not doom the arbitration. Moreover, the Court fails to see how the terms of the bargaining agreement can be a bar to conducting the arbitration before an arbitrator chosen in accordance with that agreement (in addition to another arbitrator).

Ordering tripartite arbitration before an arbitrator that the parties had not already selected or preapproved by all the parties concerned is not unprecedented. A district court, in ordering tripartite arbitration, directed that each party have the opportunity to help select the arbitrator. *RCA Corp. v. Local Union 1666*, 633 F.Supp. 1009, 1015 (E.D.Pa.1986). Here, both unions have had a role in selecting these arbitrators.

There are no material facts in dispute, and this Court has decided the only question of law.[1] Accordingly, to the extent that USPS's motion for summary judgment asks to compel NRLCA and NALC to participate in tripartite arbitration, it is granted.

## II

In light of the above conclusions that tripartite arbitration is warranted, and that it shall occur before both Arbitrator Mittenthal as well as Arbitrator Zumas, the remaining motions need not be determined on the merits.

## III

For the foregoing reasons, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted; it is

FURTHER ORDERED that the parties submit to tripartite arbitration before Arbitrators Mittenthal and Zumas; and it is

FURTHER ORDERED that all other pending motions in this action be dismissed as moot.

IT IS SO ORDERED.

---

1. Defendant NRLCA argued that there are material facts in dispute, but the only "facts" that it disputes are two statements by the Director of the Office of Contract Administration, Labor Relations Department, USPS. Declaration of William J. Downes, attached as Exh. A to USPS's Statement of Material Facts as to Which There is no Genuine Issue, ¶¶ 15, 17. Contrary to NRLCA's characterization that these are "facts," however, these are in essence statements of opinion that USPS would prefer the tripartite arbitration to take place before Arbitrator Mittenthal.